IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARRIE ERB, | ) | CASE NO. 1:18 CV 0136 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

In this disability insurance benefits case[1] before me,[2] Carrie Erb challenges the findings that she has the residual functional capacity ("RFC") for sedentary work and that she can perform her past relevant work as a wholesaler. She submits that these findings are not supported by substantial evidence.

## Analysis

This case presents the following issue:

- Both the treating source and the consulting examiner/medical expert source opined occasional limitations on the use of upper extremities based on the objective medical evidence. The Administrative Law Judge ("ALJ") gave these sources no more than some weight and did not include any limitations on the use of the upper extremities in the RFC without articulation for that exclusion. Does substantial evidence support the weight assigned to these sources and the RFC?

---

[1] ECF No. 1.
[2] ECF No. 12. The parties have consented to my exercise of jurisdiction.

This is essentially a challenge to the ALJ's weight assignment to the opinions of Erb's treating source and a consulting examiner. These sources opined that Erb had limitations in the use of her upper extremities. The ALJ incorporated no such limitations into the RFC finding or the hypothetical posed to the vocational expert ("VE").

The Commissioner justifies the weight assigned to the treating and examining sources based upon the medical records as a whole and Erb's testimony at the hearing regarding her daily activities. The limitations opined by the treating source are very restrictive, and under the substantial evidence standard may not be totally consistent with the medical evidence in the treatment notes and the results of medical testing performed. But as to the use of the upper extremities, abundant evidence supports some restrictions on such use in the RFC.

As counsel for the Commissioner conceded, the RFC adopted incorporates no limitations on the use of the upper extremities and, therefore, provides for full use thereof. Additionally, the RFC provides for occasional climbing of ropes and scaffolds.[3] Clearly, such climbing exceeds Erb's functional capacity.

The treating source opined that Erb can rarely reach, push, pull, or do fine or gross manipulation.[4] He gave a narrative attributing the reach, push, and pull limitations to her use of abdominal muscles, which is painful after surgery. He linked the manipulation limitations to joint deformities in her hands. After physical examination and review of

---

[3] ECF No. 9, Transcript ("Tr.") at 20.
[4] *Id.* at 1074.

2

the treatment notes of Erb's treating source,[5] the consulting examining physician opined that Erb would be limited to occasional gripping and grasping and occasional handling.[6]. The consulting examining physician supported these limitations with explicit examination findings. Although she opined that Erb could do sedentary work, she stipulated that Erb needed work that would accommodate those functional limitations.[7]

The ALJ's unified statements giving reasons for the weight assigned to these sources acknowledges these limitations but gives no reason for disregarding them.[8] Further, nothing in the ALJ's articulation outside the unified statement supports the sources' limitations on the use of the upper extremities.

As observed at the oral argument, the examination and testimony of the VE is difficult to follow because of the extensive use of incomplete sentences in the questions and answers, answers given before questions were completed, and questions presented before answers were completed. Nevertheless, I find no examination on the effect of limitations on the use of the upper extremities upon Erb's capability for past relevant work.[9]

---

[5] In effect, the consulting examining physician served as both a consulting examiner and a medical expert because she not only did a one-time examination of Erb but also reviewed the notes of Erb's treating physician before giving a detailed RFC opinion that included limitations on the use of the upper extremities to occasional. Although this is rarely done, this type of source probably warrants slightly less deference that that of a treating source but more deference than that of a mere consulting examiner. To put it another way, this review is longitudinal.
[6] *Id.* at 1126.
[7] *Id.* at 1127.
[8] *Id.* at 24-25.
[9] "Any *significant* manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled

## Conclusion

The Commissioner's no disability finding lacks substantial evidence. On remand, the ALJ must consider whether, based on the medical evidence, Erb can do any of her past relevant work. I decline to reach the issue of whether the ALJ's opinion went to a composite job or to a distinct, single job.

IT IS SO ORDERED.

Dated: March 13, 2019  s/ William H. Baughman, Jr.
United States Magistrate Judge

---

sedentary occupational base. . . .When the limitation is less significant, especially if the limitation is in the non-dominant hand, it may be useful to consult a vocational resource." Social Security Administration, Social Security Ruling ("SSR") 96-9p, Titles II and XVI: Determining Capability to do Other Work – Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work, 1996 WL 374185, at *8 (July 2, 1996) (emphasis in original).